IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| TERI LYNN FRANCK, | ) |
| Plaintiff, | ) No. C 10-40 EJM |
| vs. | ) ORDER |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for supplemental security income benefits.[1] The briefing schedule concluded on December 21, 2010. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for payment of benefits.

Claiming an onset date of April 15, 2004, plaintiff alleges disability due to multiple severe impairments including fibromyalgia, morbid obesity, myopic macular retinal pigment epithelial degeneration, and dysthymia. She asserts that the residual functional capacity assessment and hypothetical question posed by the Administrative Law Judge (ALJ) failed to precisely set forth the credible limitations as to her near acuity and ability to use her hands. She further asserts that the ALJ failed to properly evaluate subjective allegations regarding her eyesight, erred in failing to find she has a severe mental impairment, and erred in assessing her

---

1. A previous denial of plaintiff's application was reversed and remanded by the court's order of March 23, 2009, in C8-81. Following the Commissioner's denial

mental residual functional capacity. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe impairments include fibromyalgia, retinal degeneration, and a history of hypothyroidism and obesity. T. 335.

In considering her mental impairments, the ALJ found plaintiff has mild limitations in the areas of activities of daily living, social functioning, and concentration, persistence, and pace. T. 336. However, the ALJ expressly accorded great weight to the views of Dr. Scott, who testified that plaintiff has moderate limitations in activities of daily living, even when under appropriate levels of care. T. 442. Similarly, Dr. Scott testified that plaintiff has moderate limitations as to concentration, persistence, and pace, noting those limitations may vary between mild and moderate, and then confirmed again, generally, plaintiff has moderate limitations as to social functioning and activities of daily living. T. 443. The ALJ inquired as to whether plaintiff's limitations were moderate *without* appropriate

---

upon remand, plaintiff brings the instant action.

treatment, and Dr. Scott concurred, leading to the conclusion that plaintiff's limitations are moderate in any event.

In light of the record as a whole, including Dr. Scott's view that the record persuasively supports the conclusion that plaintiff's daily living limitations are moderate even when under appropriate forms of care, as well as limitations upon her social functioning, concentration, persistence, and pace, it is the court's view that substantial evidence on the record as a whole does not support the ALJ's decision, including his finding that plaintiff's limitations in these areas are mild.

As the court understands the testimony of the vocational expert, if Dr. Scott's views are accorded appropriate weight on the record as a whole, vocational expert testimony establishes that plaintiff is unable to engage in substantial gainful activity, "day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." McCoy v. Schweiker, 683 F2d 1138, 1147 (8th Cir. 1982)(en banc.). T. 446, 447-448. Accordingly, this matter shall be reversed and remanded for payment of benefits. Due to the court's disposition of this matter, the court need not consider the remaining grounds raised by plaintiff.

It is therefore

ORDERED

Reversed and remanded for payment of benefits in accordance herewith.

March 31, 2011.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT